UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Halimo M., | Civ. No. 26-367 (PAM/DTS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, in their official capacity as Attorney General of the United States; Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Halimo M.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) For the following reasons, the Court grants the petition in part.

**BACKGROUND**

Petitioner Halimo M. is a citizen of Somalia. (Decl. of Robert Rodkewich ("Rodkewich Decl.") ¶ 4.) She entered the United States as a refugee on January 18, 2024. (Pet. ¶ 1; Rodkewich Decl. ¶ 5.) On January 16, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody for processing, and served her a Warrant

of Arrest, Form I-200.[1]  (Pet. ¶1; Rodkewich Decl. ¶ 5, Ex. A.)  The record does not support that she has been charged with or convicted of any crimes, and she has not been issued a removal order.  (See Pet. ¶¶ 41, 43; Respondents' Resp. ("Resp.") (Docket No. 13) at 3 n.1.)  This petition followed.

Subsequently, while in Respondents' custody, Petitioner showed signs of a stroke and was transported to Hennepin County Medical Center, where—to the Court's knowledge—she remains.  (Rodkewich ¶ 6.)  Respondents indicate that because ICE did not complete its "intake process" before Petitioner was taken to the hospital, ICE intends to take Petitioner into custody after her release from the hospital.  (Id. ¶¶ 7, 8.)

**DISCUSSION**

Petitioner asserts that her arrest and detention violate the Fifth Amendment to the United States Constitution, the Immigration and Nationality Act, 8 U.S.C. §§ 1225, 1226, 1231, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)–(B), and other laws, and asks the Court to order her immediate release from Respondents' custody.  Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1159(a) because she did not obtain lawful permanent resident status within one year of living in the United States.

Section 1159(a) requires that:

> Any alien who has been admitted to the United States under [8 U.S.C.] § 1157 . . . who has been physically present in the United States for at least

---

[1] Although Respondents initially indicate that "he [sic] is properly detained under 8 U.S.C. § 1226(a)," (Resp. at 1), Respondents later explain that detention under 8 U.S.C. § 1226(a) does not yet apply to Petitioner.  (Id. at 3 n.1.)  Respondents raise no substantive argument as to detention under § 1226(a).

> one year, and . . . who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

The Court finds that Respondents have not demonstrated that Petitioner's failure to adjust her status to lawful permanent resident within one year of living in the United States requires that Respondents detain her for an extended and unspecified amount of time. "Section 1159(a) does not allow for indefinite detention, but rather a brief detention for purposes of 'inspection and examination.'" <u>Aliaksander V. v. Bondi</u>, Civ. No. 26-513, Docket No. 7 at 2 (D. Minn. Jan. 27, 2026) (Doty, J.) (quoting <u>Amin A. v. Trump</u>, Civ. No. 26-251, Docket No. 10 at 4 (D. Minn. Jan. 26, 2026) (Schiltz, C.J.)).  Thus, the Court grants the petition in part.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **GRANTED in part**; and

2. Respondents shall:

   a. Within 7 days of the date of Petitioner's release from the hospital or other medical facility to which she may be transferred, complete inspection and examination of Petitioner as required by 8 U.S.C. § 1159(a) and file a notice confirming that such inspection has been completed, stating the outcome and whether Respondents contend that her continued detention is authorized on a specified lawful basis; or

   b. Inform the Court and Petitioner of their intent not to detain her following her release from the hospital or other medical facility to which she may be transferred, and file a notice confirming the same.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge